# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RICHARD A. NEWTON, SR., )
*Individually and on behalf of a* )
*Class of Individuals Similarly* )
*Situated*, ) CIVIL ACTION
 ) FILE NO. 1:20-cv-02001-AT
     Plaintiff, )
 )
v. )
 )
BRIGHTHOUSE )
LIFE INSURANCE COMPANY, )
 )
 )
     Defendant. )

## PLAINTIFF'S MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE

Pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, Plaintiff

Richard A. Newton, Sr. moves for approval and dissemination of notice to the

certified class of current and former Georgia Form ULXP86 and ULXP88 policy

owners whose policy was in-force on or after March 14, 2014, and who was subject

to at least one monthly deduction in a form substantially identical to Exhibit A to

this filing, and further requests that the Court approve the plan of notice described

below.[1] Substantially similar class notices and plans have been approved and

---

[1] Plaintiff has begun conferring with Defendant about the proposed notice. To the extent the parties reach agreement, Plaintiff will promptly notify the Court. Additionally, Plaintiff anticipates the notice administrator may make non-

disseminated in other class action cases concerning cost of insurance charges for universal life policies.[2]

In accordance with Rule 23 and the recommendations of the Federal Judicial Center ("FJC"), the proposed notice is written in "plain, easily understood language." The notice satisfies all requirements of the rule, *see* Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii), and contains all information necessary "to enable class members to make an informed decision about their participation." FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION, FOURTH ("Manual") § 21.311, at 289. The notice accurately describes this Court's certification order using neutral language and explains the class members' options and rights at this stage of the litigation. The notice also sets out a procedure for class members to opt out of the Class. The opt-out procedure is straightforward, requiring a letter mailed within 45 days of the notice being sent with minimal information to identify the excluded policy owner.

Moreover, Plaintiff proposes individual notice by first-class, direct mail using Brighthouse's policy owner records. This is consistent with the requirement of "the

_____

substantive stylistic and formatting changes upon receipt of the final, approved notice.

[2] *See, e.g.*, *Vogt v. State Farm Life Ins. Co.*, No. 2:16-CV-04170-NKL, Dkt. 237-1, 238 (W.D. Mo. Apr. 26, 2018) and *Bally v. State Farm Life Ins. Co.*, No. 2:16-CV-04170-NKL, Dkt. 133 (N.D. Cal. June 5, 2020), 138 (N.D. Cal. August 7, 2020); *Meek v. Kansas City Life Insurance Co.*, No. 4:19-cv-00472-BP, Dkt. 164 (W.D. Mo. July 5, 2022), *Sheldon v. Kansas City Life Insurance Co.*, No. 1916-CV26689 (Mo. Cir. Ct. Sept. 27, 2022), and *Karr v. Kansas City Life Insurance Co.*, No. 1916-CV26645 (Mo. Cir. Ct. Aug. 17, 2021).

best notice that is practicable under the circumstances," including by "individual notice to all members who can be identified through reasonable effort," *see* Fed. R. Civ. P. 23(c)(2)(B). Plaintiff also proposes creation of a website for the litigation where the notice, pleadings, relevant orders, and additional information about the case will be posted for review. Plaintiff has retained Analytics Consulting LLC to distribute the class notice, maintain the class website, process opt-out requests, and provide follow-up reports to the Court.

## PROCEDURAL HISTORY

On September 5, 2025, the Court issued its Order ["Certification Order," Doc. 167] granting in part and denying in part the Plaintiff's Motion for Class Certification [Doc. 116]. In its order regarding Plaintiff's motion for reconsideration ["Reconsideration Order," Doc. 171], the Court amended the certified class definition as follows in its order as follows:

For Plaintiffs' breach of contract claims (Counts I, II, III, VII and VIII):

All persons who, as of **March 14, 2014**, owned a universal life insurance policy issued by Brighthouse or its predecessors-in-interest on Forms ULXP86 and ULXP88, with a state of issuance of Georgia, and who were subject to at least one monthly deduction.

For Plaintiffs' Georgia RICO claim, based on the predicate acts of theft by taking and theft by conversion (Count VI):

All persons who, as of **March 14, 2015**, owned a universal life insurance policy issued by Brighthouse or its predecessors-in-interest on Forms

ULXP86 and ULXP88, with a state of issuance of Georgia, and who were subject to at least one monthly deduction.

## ARGUMENT

## I. LEGAL STANDARD

Rule 23(c)(2)(B) requires that "[f]or any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985) (holding that Due Process Clause requires notice and an opt-out opportunity in (b)(3) cases). Ordinarily, notice "should be given promptly after the certification order is issued." MANUAL § 21.311, at 288. The court has "wide discretion" as to the form and content of the notice, subject to the requirements of due process. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015)). The contents of the notice should be clear and concise and contain the following elements in "plain, easily understood language":

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

A proposed notice should contain relevant information necessary "to enable class members to make an informed decision about their participation." MANUAL § 21.311, at 289; *accord In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104-05 (5th Cir. 1977) ("Not only must the substantive claims be adequately described but the notice must also contain information reasonably necessary to make a decision to remain a class member and be bound by the final judgment or opt out of the action."). The notice should therefore include "information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by the final judgment." *In re Nissan,* at 1105. At the same time, because an "overly detailed notice" may be counterproductive, "the notice need not include 'every material fact.'" *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011).

## II. THE COURT SHOULD APPROVE THE PROPOSED NOTICE AND NOTICE PLAN

### a. Plaintiff's Proposed Notice Satisfies the Requirements of Rule 23 and Provides Necessary Information for Class Members to Make an Informed Decision.

Plaintiff's proposed notice meets the requirements of Rule 23(c)(2)(B)(i)-(vii). It endeavors to use easy-to-understand language instead of legal jargon. First, the notice describes the nature of Plaintiff's action Brighthouse. *See* Ex. A at p. 3 at Question 2. Second, the class definition is presented in plain language in terms such that any recipient or reader can readily determine if he or she is a class member. *Id.* at p. 5 at Question 9. Third, the notice explains the nature of the claims pursued by Plaintiff on behalf of the Class and the defenses asserted by Brighthouse, as well as referring to the class website where Plaintiff's Complaint and Brighthouse's Answer will be available. *Id.* at pp. 3-4 at Questions 4-5 & 7. Fourth, the notice states that a class member can retain a lawyer at his or her own expense, but that he or she is not required to do so and will be represented by Class Counsel. *Id.* at p. 6-7 at Questions 14-15. Fifth, the notice explains that the Court will exclude anyone who makes a proper request for exclusion, and it describes the exclusion process and deadline. *Id.* at p. 6 at Questions 12-13. Sixth, the notice explains that by staying in the Class, any judgment will bind the class member, whether that judgment is favorable or unfavorable to the Class. *Id.* at p. 5 at Question 11. Thus, the proposed notice satisfies each of the textual requirements of Rule 23(c)(2)(B)(i)-(vii).

Further, the proposed notice provides class members with other relevant information to aid in their decision whether to remain in the Class. The notice describes, in general terms, what a class action is and why the Court certified this

case as a class action. *See* Ex. A at p. 3 at Questions 2-3. It discloses that Plaintiff is seeking monetary relief in the form of damages, punitive damages, and costs, as well as declaratory and injunctive relief. *Id.* at p. 4 at Question 7; *cf.* MANUAL § 21.311, at 289 ("The notice should . . . describe the relief sought."). And it explains how the case will be tried, that a class member need not attend trial, and how a class member can share in any recovery. *See* Ex. A at p. 5-7 at Questions 11, 17-18. These are all topics suggested by the FJC in its model forms.[3]

The proposed notice is written neutrally and "emphasiz[es] that the court has not ruled on the merits." MANUAL § 21.311, at 289; *see, e.g.*, Ex. A at p. 4 at Question 6. It also provides neutral, objectively accurate information about the consequences of opting out or remaining in the Class. *Compare* MANUAL § 21.311, at 289 *with* Ex. A. at pp. 5-6 at Questions 11-12. Importantly, the notice "explain[s] [the] risks and benefits of retaining class membership and opting out" so that class members can make an informed decision. MANUAL § 21.311, at 289. Like the model FJC forms, it describes the consequences of doing nothing and of opting out.[4] Ex. A at pp. 5-6 at Questions 11-12. It also explains why a class member may seek exclusion,

---

[3] *See, e.g.*, https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf at pp. 2-4, 7 at Questions 3-4, 8, 18-19.

[4] *See, e.g.*, https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf at p. 6 at Questions 14-15.

including if the class member wishes to sue Brighthouse individually.[5] *Id.* at p. 6 at Question 12.

In addition, the proposed notice explains on the cover page that this is a notice approved by the Court and is not a solicitation, so that class members do not discard the notice believing it to be an advertisement. *Id.*, Cover Page. And, as class members may also wish to know about the payment of attorneys' fees if they remain in the Class, the notice also states it will be up to the Court to decide the amount of any attorneys' fees. *Id.* at p. 7 at Question 16.

For these reasons, the proposed notice meets all the requirements of Rule 23 and due process.

**B. The Opt-Out Process Contains Proper Safeguards Without Burdening Class Members.**

Plaintiff proposes a simple and non-burdensome procedure for opting out of the Class. To opt out, a class member need only sign and return a letter, by U.S. mail, stating his or her name, policy number, and address. Ex. A. at p. 6 at Question 13. These are minimal requirements necessary to ensure authenticity and avoid ambiguity. *See. e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, No. MDL 1061, 1999 WL 496491, at *4 (D.N.J. May 6, 1999) (describing similar requirements to the ones proposed here as "simple steps"). Courts have elsewhere

---

[5] *See, e.g.*, https://www.fjc.gov/sites/default/files/2016/ClaAct11.pdf at p. 6 at Question 15.

required more information than is being requested in this case. *See, e.g.,* I*n re Ins. Brokerage Antitrust Litig.,* 282 F.R.D. 92, 118 (D.N.J. 2012) (requiring name, address, telephone number and information about the opt-out's purchases, including policy number, premium paid, and policy dates); *In re Mexico Money Transfer Litig. (W. Union & Valuta)*, 164 F. Supp. 2d 1002, 1032 (N.D. Ill. 2000) (requiring approximate number of transactions), *aff'd sub nom. In re Mexico Money Transfer Litig.*, 267 F.3d 743 (7th Cir. 2001); *In re Chipcom Corp.*, No. CIV. A. 95-11114–DPW, 1997 WL 1102329, at \*20 (D. Mass. June 26, 1997) (requiring number of shares purchased or sold, date of transaction, and price); *In re Conn. Gen. Life Ins. Co.*, No. MDL 1136, 1997 WL 910387, at \*27 (C.D. Cal. Feb. 13, 1997) (same).

Consistent with their due process rights, the class members will have 45 days to request exclusion. *See Greco v. Ginn Dev. Co., LLC*, 635 F. App'x 628, 634 (11th Cir. 2015) (collecting cases and finding 45 day period to opt out of proposed class settlement sufficient); *see also Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993) (approving 31-day opt-out period); *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977) (approving notice mailed 26 days before the deadline for opting out of a settlement); *see also In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 708 (E.D. Mo. 2002) (four weeks to object to class settlement consistent with due process); *Geiger v. Sisters of Charity of Leavenworth Health Sys., Inc.*, No. 14-2378, 2015 WL 4523806, at \*5 (D. Kan. July 27, 2015) (approving

schedule giving class members 28 days to opt-out or object to class action settlement).

### C. Notice Administration

Plaintiff has engaged Analytics Consulting LLC ("Analytics") to serve as the proposed Notice Administrator.  If appointed, Analytics will disseminate the class notice and to maintain a website and toll-free support number for class members. As the attached resume shows, Analytics has extensive experience managing the dissemination of class notice. *See* Exhibit B.

Analytics will distribute the class notice via first class U.S. mail to the Class. To do so, Analytics will use the mailing addresses Brighthouse maintains for its policy owners. First, Analytics will make a reasonable effort to update the addresses Brighthouse has in its business records. In that regard, Analytics will check the address against the National Change of Address database. Next, for all individual notices that are returned as undeliverable, Analytics will make reasonable efforts to obtain a current mailing address, including through a "skip trace" search, and re-mail the class notice to the class member's last known physical address. Analytics will use customary search protocols to attempt to obtain current addresses for class members whose notices are returned to sender. These efforts will ensure that individual notice is mailed to a high percentage of class members.

Analytics also will coordinate with counsel to develop a website providing detailed information about this litigation. This website will include copies of the class notice and relevant pleadings and orders, and class members will be able to ask questions about the case via email, using links prominently displayed on the website. Analytics will also implement a dedicated toll-free telephone number at which class members can listen to recorded information or speak with a live agent about the case. This notice plan will provide the best notice practicable under the circumstances.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant this motion and approve the proposed class notice, attached as Exhibit A, together with the notice plan affording class members 45 days to opt out. Plaintiff further requests that the Court appoint Analytics to supervise and administer the notice procedure, directing Analytics to, among other things, compile a list of names and addresses of potential class members from Brighthouse's current records, to be provided by Brighthouse within 7 days of the order; ensure the distribution of the class notice via first class U.S. mail; create a website posting copies of the notice and relevant pleadings and orders; and compile any timely requests for exclusion, which Class Counsel will promptly file with the Court after the opt-out deadline has expired.

[*Signature to follow on next page*]

-11-

Respectfully submitted, this 14th day of November, 2025.

                                    **BARNES LAW GROUP, LLC**

                                    */s/ Roy E. Barnes*

                                    Roy E. Barnes
                                    Georgia Bar No. 03900
                                    J. Cameron Tribble
                                    Georgia Bar No. 754759
                                    31 Atlanta Street
                                    Marietta, GA 30060
                                    Telephone: 770-227-6375
                                    Fax: 770-227-6373
                                    E-Mail: roy@barneslawgroup.com
                                    E-Mail: ctribble@barneslawgroup.com

                                    ***Counsel for Plaintiff and the Proposed Class***

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to Local Rule 5.1C, ND Ga. I hereby certify that on this date I electronically filed the foregoing **PLAINTIFF'S MOTION FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE** with the Clerk of Court using the CM/ECF system which will automatically send email notification to all counsel of record.

This 14th day of November, 2025.

**THE BARNES LAW GROUP, LLC**

*/s/ Roy E. Barnes*
Roy E. Barnes
Georgia Bar No. 03900
J. Cameron Tribble
Georgia Bar No. 754759
31 Atlanta Street
Marietta, GA 30060
Telephone: 770-227-6375
Fax: 770-227-6373
E-Mail: roy@barneslawgroup.com
E-Mail: ctribble@barneslawgroup.com

***Counsel for Plaintiff and the
Proposed Class***

-13-